UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN HORNBECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 345 CDP |
| ) | |
| ARCHDIOCESE OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for leave to file an amended complaint. This case was originally filed in state court and removed here on March 24, 2022. Several of the defendants have yet to be served, and the time for doing so has not yet expired. The two defendants that have been served have filed motions to dismiss. One of those defendants, Sisters of St. Joseph of Carondelet, St. Louis Province, opposes amendment on the ground of futility and alternatively requests that its motion to dismiss be directed at the amended complaint. The second defendant, Alexander Anderson, has not opposed amendment, and his time for doing so has expired.

Rule 15 of the Federal Rules of Civil Procedure provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (cleaned up). Importantly, "parties should usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999).

Under these standards, and given the procedural posture of this case, the Court will grant plaintiff leave to amend. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). *See also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). As a result, pending motions directed to the original complaint should be denied as moot, without prejudice to the filing of motions directed to the amended complaint. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (motion to dismiss original complaint is moot by filing of amended complaint)). For this reason, defendant's request to direct its motion to dismiss to the amended complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to amend [19] is granted, and the amended complaint is deemed filed as of this date.

**IT IS FURTHER ORDERED** that the motions to dismiss directed at the original complaint [12, 9] are denied as moot.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2022.