UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN HORNBECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 345 CDP |
| ) | |
| ARCHDIOCESE OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before me on the latest round of motions filed by defendants in this case. This case was removed here from state court by defendant Sisters of St. Joseph of Carondelet, St. Louis Province on March 24, 2022. (ECF 1). That defendant, along with defendant Alexander Anderson, immediately filed motions to dismiss the claims asserted against them. (ECF 9, 12). Plaintiff sought, and was granted, an extension of time, up to and including May 5, 2022, to respond to these motions to dismiss. (ECF 14, 15, 16). Because plaintiff did not file a timely opposition to these motions, I issued to plaintiff an Order to Show Cause, dated May 13, 2022, why the motions should not be granted in their entirety for the reasons set out by defendants. (ECF 17). My Show Cause Order told plaintiff that the Order would be deemed satisfied if he filed his memoranda in opposition to the motions by May 17, 2022, thereby granting plaintiff an unsolicited extension of time to oppose dismissal. (ECF 17). Plaintiff filed his opposition briefs on May

16, 2022, in part opposing dismissal by seeking leave to amend his complaint. (ECF 19, 20, 21). Acknowledging the liberal standard applied to amendment at such an early stage of the proceedings, I granted the motion to amend and denied the motions to dismiss directed at the original complaint as moot. (ECF 28).

At this point, plaintiff had yet to accomplish service on defendants Archdiocese of St. Louis, Mitchell Rozanski, Robert Carlson, Good Shepherd Children and Family Services, and Catholic Charities of St. Louis. Accordingly, in my May 13, 2022 Order to Show Cause, I reminded plaintiff that he must serve these defendants (or request an extension of time to do so) by June 22, 2022. (ECF 17). On June 24, 2022 (two days after the deadline had expired), plaintiff sought an extension of time, up to and including June 29, 2022, to effectuate service. (ECF 35). I granted the motion the same day. (ECF 36).

Defendants Sisters of St. Joseph and Anderson filed motions to dismiss the amended complaint. (ECF 31, 33). Plaintiff again sought extensions of time to respond to these motions, which were granted (ECF 37, 38, 40, 41). Although plaintiff managed to file his opposition to defendant Anderson's motion within the extended deadline (ECF 42), plaintiff did not file any opposition to defendant Sisters of St. Joseph until July, 6. 2022, well past the extended deadline of June 29, 2022, previously granted by the Court. (ECF 45). Because that opposition was accompanied by a motion for leave to file out of time (ECF 44), the Court granted

2

leave to file the opposition brief out of time.  (ECF 48).  Plaintiff also sought to leave to amend his complaint yet again in opposition to dismissal.  (ECF 47).  Over defendant Sisters of St. Joseph's objection, I once again granted plaintiff leave to amend his complaint.  (ECF 67).  However, in that Memorandum and Order I specifically told plaintiff that he would "not be permitted to counter future motions to dismiss by seeking leave to amend his complaint."  (ECF 67).

Because plaintiff had yet to file proof of service on any of the unserved defendants, on July 18, 2022, I sent out another Order to Show Cause why the claims against defendants Archdiocese of St. Louis, Mitchell Rozanski, Robert Carlson, Good Shepherd Children and Family Services, and Catholic Charities of St. Louis should not be dismissed without prejudice for failure to obtain timely service by the extended service date of June 29, 2022.  (ECF 52).  In response, plaintiff filed summonses showing service dates of June 30, 2022 for all unserved defendants.  (ECF 53, 54, 55, 56, 57, 58).  As service was admittedly accomplished after the June 29, 2022 deadline, defendants Catholic Charities of St. Louis and Good Shepherd Children and Family Services moved to quash service as defective and dismiss the complaint against them for failure to achieve timely service.  (ECF

3

62, 64).[1]  In response, plaintiff filed a motion to extend the time to obtain service after the deadline had already passed.  (ECF 68).

Defendants Sisters of St. Joseph and Anderson again move for dismissal of plaintiff's (now Second Amended) Complaint.  (ECF 78, 84).  Defendants Carlson, Rozanski, and Archdiocese of St. Louis also move to dismiss plaintiff's Second Amended Complaint for failure to state claims against them.  (ECF 80, 82, 84). Plaintiff has not filed an opposition to any of these motions, and his time for doing so has now expired.  Local Rule 4.01(B) of the United States District Court for the Eastern District of Missouri provides as follows:

> Except as otherwise provided in these rules or by order of the Court, each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party must file with its memorandum all documentary evidence relied upon. Each opposition to a motion seeking an extension of time must be filed within seven (7) days after service of the motion.

E.D. Mo. L.R. 4.01(B).  Under this rule, plaintiff should have filed his opposition brief to defendant Sisters of St. Joseph's motion by August 26, 2022, and to the remaining motions by August 29, 2022.

---

[1] These defendants also moved to quash and to dismiss on the ground that service was ineffective for failure to obtain service on an individual authorized to accept service.  (ECF 62, 64).

Plaintiff has repeatedly failed to comply with the local rules of this Court and the Federal Rules of Civil Procedure. He has repeatedly missed filing deadlines – most notably the service deadline – and has failed to comply with deadlines and prosecute his case unless a Show Cause Order was issued. Despite being granted an extension of time to do so, plaintiff failed to timely effectuate service on the unserved defendants in accordance with the Federal Rules of Civil Procedure. Plaintiff has repeatedly missed deadlines to oppose dismissal, only to belatedly seek an extension of time to file an opposition after the deadline has passed. And each opposition to dismissal has been accompanied by a request to file an amended complaint, thereby avoiding the Court's ruling on the merits of defendants' motions through liberal pleading practice. After granting leave to plaintiff to file a Second Amended Complaint, I warned him that he could not oppose future motions to dismiss by seeking leave to amend his complaint. Now, when faced with the latest round of motion practice, plaintiff has yet again failed to oppose dismissal with timely-filed briefs.

In this case, plaintiff's repeated failures to timely comply with the orders of this Court and the Local and Federal Rules of Civil Procedure in order to prosecute his case compel me to conclude that dismissal of this action *without prejudice* is warranted for his latest failure to respond to any of the pending motions to dismiss. *See* Fed. R. Civ. P. 41(b). I have considered, but decline, to dismiss plaintiff's

5

claims with prejudice or to grant the motions to dismiss as unopposed, as I believe such a result is unnecessarily harsh and not in the interests of justice. On the other hand, I also believe that issuing another Show Cause Order directing plaintiff to do that which he has failed to do will not sufficiently remedy plaintiff's repeated refusals to timely and diligently prosecute his case.

Moreover, plaintiff failed to timely serve most of the named defendants, and his belated request for an extension of time to obtain service does not contain an adequate showing of "excusable neglect" sufficient to extend the service deadline after the time has expired. *See* Fed. R. Civ. P. 6(b). This failure results in a dismissal without prejudice as to Archdiocese of St. Louis, Mitchell Rozanski, Robert Carlson, Good Shepherd Children and Family Services, and Catholic Charities of St. Louis. *See* Fed. R. Civ. P. 4(m).

For these reasons, the Court believes that a dismissal without prejudice is the appropriate remedy for plaintiff's failure to comply with Court Orders and deadlines, to timely obtain service, and to prosecute his case, and it declines to dismiss plaintiff's claims with prejudice or to award any costs or fees to defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Second Amended Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

A separate Order of Dismissal in accord with this Memorandum and Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2022.